979 F.2d 217
 1993 O.S.H.D. (CCH) P 29,948
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas MARPLE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3560.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1992.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Thomas Marple appeals from the July 29, 1991 final decision of the Merit Systems Protection Board adopting, as modified, the Recommended Decision of the Board's Chief Administrative Law Judge (CALJ). Special Counsel v. Thomas Marple, 49 M.S.P.R. 528 (1991). The CALJ recommended that Marple be disciplined for committing a prohibited personnel practice in reprisal for the protected disclosure of an employee-applicant. Because substantial evidence supports the Board's decision that Marple is subject to disciplinary action for violation of 5 U.S.C. § 2302(b)(8) (Supp. II 1990), we affirm.
 
 DISCUSSION
 
 2
 Marple is an Area Director, GM-14, with the Occupational Safety and Health Administration of the Department of Labor (OSHA). On February 7, 1990, Marple was charged with directing or recommending that an OSHA employee, Michelle Vallon, not be reassigned from an OSHA area office in Dallas, Texas, to an office in West Covina, California, in reprisal for Vallon's testimony before the United States Senate Labor and Human Resources Committee. The complaint for disciplinary action filed by the Special Counsel alleged that during an OSHA selection meeting on June 29, 1988, Marple stated that Vallon could not be hired because she had testified at the hearing before the Senate Committee. Prior to completion of the selection process, Vallon's name was removed from a list of eligible applicants seeking employment in the West Covina office and she was not reassigned.
 
 
 3
 The CALJ found "preponderant evidence showing a causal connection between Vallon's protected conduct and the adverse personnel action recommended by [Marple]." That evidence was based primarily on the testimony of two witnesses, Barbara Benjamin and Clark Roberts, both of whom were present at the selection meeting. Pursuant to the credibility factors set forth in Hillen v. Dep't of the Army, 35 M.S.P.R. 453 (1987), the CALJ found the testimony of Benjamin and Roberts to be consistent and credible. In contrast, the CALJ discredited the testimony of Marple, which he found to be not credible. Upon weighing the evidence, the CALJ found that Marple had spoken at the June 29 selection meeting in opposition to the hiring of Vallon on the ground that she had testified before the Senate Committee and that Vallon was removed from the list of prospective applicants pursuant to Marple's recommendation. In determining that a violation of 5 U.S.C. § 2302(b)(8) had been established, the CALJ recommended that Marple be demoted two grades to a non-supervisory position.
 
 
 4
 The Board, in its final decision, affirmed the findings of fact and conclusions of law of the CALJ. The Board, however, modified the CALJ's recommended penalty of a two-grade demotion by setting a minimum demotion period of one-year and by specifying that the demotion be to the same step that Marple occupied in the grade from which he was demoted.*
 
 
 5
 On appeal to this court, Marple contends that the Board, in adopting the CALJ's findings, ignored exculpatory evidence from four witnesses who presented testimony in favor of Marple and who undermined the credibility of Benjamin and Roberts. Thus, Marple essentially claims that the Board's decision is not supported by substantial evidence because the CALJ erred in making his witness credibility determinations.
 
 
 6
 The final decision of the Board must be upheld unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 7
 The CALJ chose to rely on the evidence presented by two individuals who were determined to be credible witnesses and whose testimony was not contradicted by objective evidence. On the other hand, the CALJ chose not to give much weight to the testimony of Marple and other witnesses whose testimony the CALJ deemed to be of little probative value. This court has consistently recognized that such credibility determinations are virtually unreviewable on appeal, see Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986), and "[i]t is not for this court to reweigh the evidence before the Board." Henry v. Dep't of the Navy, 902 F.2d 949, 951 (Fed.Cir.1990). We conclude that substantial evidence supports the Board's finding that Marple violated 5 U.S.C. § 2302(b)(8) by recommending or directing that Michelle Vallon not be reassigned to the West Covina area office in reprisal for her protected disclosure.
 
 
 8
 Finally, we address the defense of laches asserted by Marple before the Board. Marple contends that he was prejudiced by the delay of 20 months that elapsed from the selection meeting of June 29, 1988 to the filing of the complaint on February 7, 1990. In rejecting that contention, the Board determined that Marple failed to prove that he was prejudiced by any delay in the prosecution of the complaint. We need not reach the merits of that issue because we adhere to the traditional rule that the defense of laches generally will not apply to bar an action brought by the United States. See Costello v. United States, 365 U.S. 265, 281 (1961). The facts of this case do not counsel against the application of that well-established rule.
 
 
 9
 Accordingly, for reasons discussed above, the decision of the Board is affirmed.
 
 
 
 *
 The Board disagreed with the CALJ's determination that because the actions alleged in the complaint occurred prior to July 9, 1989, the effective date of the Whistleblower Protection Act (WPA), the WPA was inapplicable to this action. Under the savings provision of the WPA, the version of 5 U.S.C. § 2302 that existed under the Civil Service Reform Act of 1978 governs "any administrative proceeding pending" on July 9, 1989. 5 U.S.C. § 1201 note (Supp. II 1990). However, any actions filed thereafter are governed by the WPA. Because the Office of Special Counsel filed its complaint and thus gave Marple notice of its action on February 7, 1990, we agree with the Board that the WPA governs this case. See Eidmann v. Merit Sys. Protection Bd., No. 91-3587, slip op. at 7 (Fed.Cir. Sept. 4, 1992)